NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 14 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID CERVANTES-AGUILAR, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 21-1371 <br><br> Agency No. A088-750-771 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2024[**]
Pasadena, California

Before: SCHROEDER, BUMATAY, and MENDOZA, Circuit Judges.

David Cervantes-Aguilar, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals' ("BIA") decision dismissing his appeal of an Immigration Judge's ("IJ") decision denying his application for withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. To prevail on a withholding of removal claim, an applicant must show a nexus between a protected ground and the harm feared. *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023). That means Cervantes-Aguilar needed to show "that a cognizable protected ground is 'a reason'" for his feared persecution. *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021) (citation omitted). Cervantes-Aguilar claims only that he experienced harm previously, citing a single incident where he was kidnapped after being removed from the United States and released after his family paid a ransom. We have previously held that criminal acts targeting "anyone [criminals] believe can pay, regardless of their victim's background" does not demonstrate a nexus between the harm and a protected ground. *Macedo Templos v. Wilkinson*, 987 F.3d 877, 883 (9th Cir. 2021); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." (citation omitted)). Given the clear financial motive for the kidnapping, substantial evidence supports the agency's determination that Cervantes-Aguilar failed to establish the necessary nexus. *See Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018) (reviewing the denial of withholding of removal for substantial evidence).

21-1371

2.	Substantial evidence also supports the agency's denial of CAT relief. *See id.* (reviewing the denial of CAT relief for substantial evidence).  To qualify for CAT relief, an applicant must show that the claimed torture would be "inflicted by or at the instigation of or with the consent or *acquiescence* of a public official or other person acting in an official capacity." *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003) (quoting 8 C.F.R. § 208.18(a)(1)).  Cervantes-Aguilar only claims that the local police disregarded the police report he filed after his kidnapping because they failed to call him to follow up after accepting Cervantes-Aguilar's report.  This is insufficient to show acquiescence.  *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime.").  Cervantes-Aguilar also failed to demonstrate that he could not relocate elsewhere in Mexico to avoid the threat of future torture.  *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 704–05 (9th Cir. 2022).

**PETITION DENIED.**